TIMOTHY COURCHAINE
United States Attorney
District of Arizona

ALANNA R. KENNEDY
Arizona State Bar No. 034257
Email: Alanna.Kennedy@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
DIMITRA H. SAMPSON
Assistant U.S. Attorney
Arizona State Bar No. 019133
Email: Dimitra.Sampson@usdoj.gov
123 N. San Francisco St., Suite 410
Flagstaff, Arizona 86002
Telephone: 928-556-5001
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-25-08032-PCT-DLR |
|---|---|
| Plaintiff, | **JOINT SUPPLEMENTAL MEMORANDUM REGARDING PROPOSED SCHEDULING ORDER** |
| vs. | |
| Ryan Adelbert Johnson, et. al., | |
| Defendants. | |

This Court granted the parties' Joint Motion for Complex Case Designation. (Docs. 43, 42). Subsequently, the parties submitted a Joint Proposed Scheduling Order and Request for Additional Status Conferences. (Doc. 44). At the telephonic status conference on June 17, 2025, the Court requested a supplemental filing to support the parties' request for a September 29, 2026 firm trial date.

The complex nature of this case has been agreed upon by the parties, with approval of the Court. Therefore, without repeating what was included in the parties' Joint Motion for Complex Case Designation (Doc. 42), a September 29, 2026 firm trial date is warranted for the following reasons.

The sheer number of defendants, the number and nature of the charges, and the voluminous discovery necessitate a lengthy time-period for all counsel to investigate the facts, analyze any legal or factual issues, and properly prepare for trial. While a superseding indictment is anticipated, as of this date, three of the four defendants are charged with felony murder under 18 U.S.C. §§ 1153 and 1111, which carries a mandatory sentence of life imprisonment. All four defendants are currently in custody at the CoreCivic detention facility in Florence, Arizona, requiring defense counsel to travel over two hours round trip for each visit. Given the seriousness of the charges and the substantial volume of discovery, considerable time is needed to travel, meet with the defendants, and thoroughly review the evidence with them to ensure adequate preparation for trial.

To flush this out a little more, per the Court's request, the discovery includes information about several related investigations and a number of additional involved individuals, who are potential witnesses in this case. Furthermore, the discovery contains an enormous amount of electronic evidence, which continues to be analyzed and disclosed by the United States. This will not only take a lengthy amount of time for the defense to download and review, but also may necessitate expert review. In addition to the electronic evidence, there is a significant amount of scientific analysis as part of this investigation and included in the discovery materials. The United States anticipates presenting a number of experts from numerous different disciplines, which will naturally require defense consideration of retaining experts as the results of scientific testing continue to be received.

Lastly, when counsel conferred, the proposed September 29, 2026 trial date was a date that worked for all counsel and their respective trial calendars. Importantly, and related to these issues mentioned above, as this Court is undoubtedly aware, all defense counsel on this matter are members of the CJA panel and thus are subject to the various administrative requirements and limitations imposed by both the Court and Congress. As of the date of this filing, counsel have been informed that the current pool of funds which is available to pay counsel, experts, investigators and other necessary service providers will

be exhausted by July 23, 2025—and may even occur earlier. Assuming that this budgeting issue is resolved by Congress in a timely manner, defense counsel have taken the expected delay in payment for services rendered by all parties who are subject to payment under the terms of the Criminal Justice Act into consideration and agree that the current proposed trial schedule is in their individual clients' best interest. The proposed schedule should allow for enough time to resolve the current budgeting issues which will then allow for the retention and payment of both service providers and counsel, and will allow counsel sufficient time to prepare for trial.

All counsel have conferred and join in the filing of this supplemental memorandum, in anticipation of the next telephonic status hearing, scheduled for July 10, 2025 at 9:30 a.m. All counsel have conferred with their respective clients who have agreed to waive their presence at the telephonic status hearing, and have also agree to waive any applicable time and believe it is in their best interest to proceed with a September 29, 2026 trial date.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

 *s/Dimitra H. Sampson*
DIMITRA H. SAMPSON
ALANNA R. KENNEDY
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants: Diego Rodriguez, Brandon Cotto, Eric Kessler, and George Klink, *Attorneys for Defendants Ryan Johnson, Alexandra Johnson, Charles Truax, and Mike Duffy, III.*

 *s/Keona L. Ross*
U.S. Attorney's Office